UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
MARCUS GASTON,                   :
     Plaintiff,                  :
                                 :
     v.                          :    Civil No. 3:19-cv-3(AWT)
                                 :
JOHN DOE, et al.,                :
     Defendants.                 :
```

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF No. 58]**

The plaintiff, Marcus Gaston, commenced this civil rights action pro se asserting a claim that he was sexually assaulted by Nurse Olukayode Atoyebi and that the remaining defendants, Lieutenant Ian McMahon, Officer Robert Calo, Officer Russell Deveau, Officer Moises Rodado, and Officer Tim Stellmach, did not intercede. The defendants have filed a motion for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies before commencing this action. For the following reasons, the defendants' motion is being denied.

**I.   LEGAL STANDARD**

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 113-14 (2d Cir. 2017).

"A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Nick's Garage, 875 F.3d at 113-14 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Which facts are material is determined by the substantive law. Anderson, 477 U.S. at 248.  "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense …."  Giordano v. Market Am., Inc., 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  He cannot "rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  Robinson v. Concentra Health Servs., 781 F.3d 42, 34 (2d Cir. 2015) (quotation marks and citation omitted).  To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor.  Graham v. Long Island R.R., 230 F.3d 34,

38 (2d Cir. 2000).

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," Willey v. Kirkpatrick, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

## II. FACTS[1]

On October 27, 2016, the plaintiff was confined in four-point restraints at Cheshire Correctional Institution. Defs.' Local Rule 56(a)1 Statement, ECF No. 58-2 ¶ 8. He alleges that, on that date, defendant Atoyebi sexually groped him while the

---

[1] The facts are taken from the Defendants' Local Rule 56(a)1 Statement and supporting exhibits submitted by both parties. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues. D. Conn. L. Civ. R. 56(a)2 and 56(a)3.

The defendants informed the plaintiff of this requirement. See Notice to Self-Represented Litigant Concerning Motion for Summary Judgment, Doc. No. 58-3. Rather than complying with this requirement, the plaintiff submitted only an affidavit in opposition to the motion for summary judgment. As the plaintiff has not filed a proper Local Rule 56(a)2 Statement, the defendants' facts are deemed admitted for purposes of this motion. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2.").

3

remaining defendants laughed and did nothing.  Id. ¶ 7.

The Prison Litigation Reform Act requires inmates to exhaust their administrative remedies before commencing an action in federal court.  Id. ¶ 9.  Connecticut inmates exhaust their administrative remedies by filing grievances in accordance with the procedures set forth in Administrative Directive 9.6. Id. ¶¶ 10-16.

At Cheshire Correctional Institution, inmates file their administrative remedies by depositing them in a clearly marked box that is accessible to all inmates.  Id. ¶ 17. The grievances are collected each day and logged into the Grievance Log upon receipt.  Id. ¶ 18.  Grievance records show that the plaintiff filed five Level 1 grievances and no grievance appeals while he was confined at Cheshire Correctional Institution.  Id. ¶¶ 20, 27.

Grievance records show that the plaintiff filed one Level 1 grievance relating to the October 27, 2016 incident.  Id. ¶ 23. The grievance was denied on January 10, 2017 and grievance records show no Level 2 appeal.  Id.

### III. DISCUSSION

The defendants move for summary judgment on one ground, failure to exhaust administrative remedies.  The Prisoner Litigation Reform Act requires prisoners to exhaust administrative remedies before filing a federal lawsuit relating

4

to prison conditions.  42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 19983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  This exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes."  Porter v. Nussle, 534 U.S. 516, 524, 532 (2002).  Exhaustion of administrative remedies permits prison officials to address complaints before being subject to suit and reduces litigation if the complaint can be resolved satisfactorily within the administrative process.  See Jones v. Bock, 549 U.S. 199, 219 (2007).

    Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks.  See Booth v. Churner, 532 U.S. 731, 741 (2001).  Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court.  See Woodford v. Ngo, 548 U.S. 81, 90-91, 93 (2006) (proper exhaustion "means using all steps that the agency holds out ... (so that the agency addresses the issues on the merits) ... [and] demands compliance with agency deadlines and other critical procedural rules").  Special circumstances will not relieve an inmate of his

obligation to adhere to the exhaustion requirement.  An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable.  See Ross v. Blake, ___ U.S. ___, 136 S. Ct. 1850, 1858 (2016).

Exhaustion of administrative remedies is an affirmative defense.  Thus, the defendants bear the burden of proof. See Jones, 549 U.S. at 216.  Once the defendants establish that administrative remedies were not exhausted before the inmate commenced the action, the plaintiff must establish that the administrative remedy procedures were not available to him under Ross.  See Smith v. Kelly, 985 F. Supp. 2d 275, 284 (N.D.N.Y. 2013) ("once a defendant has adduced reliable evidence that administrative remedies were available to the plaintiff and that the plaintiff nevertheless failed to exhaust those administrative remedies, the plaintiff must then 'counter' the defendant's assertion by showing exhaustion [or] unavailability . . . .").

The general inmate grievance procedure is set forth in Administrative Directive 9.6 and can be found at portal.ct.gov/DOC and Defs.' Mem. Ex. B. (ECF No. 58-5).  An inmate must first attempt to resolve the matter informally.  He may attempt to verbally resolve the issue with an appropriate staff member or supervisor.  Dir. 9.6(6)(A).  If attempts to resolve the matter orally are not effective, the inmate must

6

make a written attempt using a specified form and send the form to the appropriate staff member or supervisor.  Id.  If an inmate does not receive a response to the written request within fifteen business days or the inmate is not satisfied with the response to his request, he may file a Level 1 grievance.  Dir. 9.6(6)(C).

The Level 1 grievance must be filed within thirty calendar days from the date of the occurrence or discovery of the cause of the grievance and should include a copy of the response to the written request to resolve the matter informally or explain why the response is not attached.  Id.  The Unit Administrator shall respond in writing to the Level 1 grievance within thirty business days of his or her receipt of the grievance.  Dir. 9.6(6)(I).  The Unit Administrator may extend the response time by up to fifteen business days upon notice to the inmate on the prescribed form.  Dir. 9.6(6)(J).

The inmate may appeal the disposition of the Level 1 grievance by the Unit Administrator or the Unit Administrator's failure to dispose of the grievance in a timely manner to Level 2.  Dir. 9.6(6)(G),(I)&(K).  The Level 2 appeal of a disposition of a Level 1 grievance must be filed within five calendar days from the inmate's receipt of the decision on the Level 1 grievance.  Dir. 9.6(6)(K).  The Level 2 appeal of the Unit Administrator's failure to dispose of the Level 1 grievance in a

timely manner must be filed within sixty-five days from the date the Level 1 grievance was filed by the inmate; it is decided by the District Administrator.  Dir. 9.6(6)(M).

Level 3 appeals are restricted to challenges to department policy, the integrity of the grievance procedure, or Level 2 appeals to which there has been an untimely response by the District Administrator.  Dir. 9.6(6)(L).

The plaintiff filed his Level 1 grievance on November 10, 2016.  The grievance was denied on January 10, 2017.  The reviewer noted that a PREA investigation was conducted and the plaintiff's allegation that Lieutenant McMahon acted unprofessionally could not be substantiated.  Defs.' Mem. Ex. 58-7 at 3.

The defendants have submitted the declaration of the grievance coordinator stating that the plaintiff did not appeal the denial and a copy of the grievance log showing no Level 2 appeal.  In response, the plaintiff has submitted copies of Level 1, 2, and 3 grievances he states he filed to exhaust this claim.  Pl.'s Aff. Ex. A, ECF No. 59-1.
The Level 2 appeal, dated December 26, 2016, states that the plaintiff did not receive a response within thirty days.  The Level 1 grievance was filed on November 10, 2016.  ECF No. 59-1 at 4.  The response was due within thirty business days, or by December 22, 2016.  The defendants do not state that an

8

extension of time was requested.  Thus, the response, dated forty-three business days after the grievance was filed, was not provided in a timely manner.  The plaintiff's Level 2 grievance was an appropriate response.  The Level 3 appeal is dated February 8, 2017 and states that the plaintiff did not receive a response to the Level 2 appeal.  ECF No. 59-1 at 5.  He also references the Level 1 response which he received after he filed the Level 2 appeal.

The parties disagree about whether the plaintiff actually filed the Level 2 and 3 grievances.  Thus, there is an issue of fact precluding summary judgment.  As the court cannot make credibility determinations on a motion for summary judgment, it cannot determine whether the plaintiff exhausted his administrative remedies before commencing this action.

Further, the directive does not address the situation where a Level 1 response is served after the deadline and after the inmate has filed a Level 2 appeal.  Thus, if the plaintiff's version of events is believed, it is not clear that he was required to appeal the Level 1 response.

## IV. CONCLUSION

The defendants' motion for summary judgment [ECF No. 58] is hereby DENIED.

It is so ordered.

Signed this 7th day of January 2021 at Hartford, Connecticut.

                                              _____/s/AWT_____
                                                   Alvin W. Thompson
                                         United States District Judge